UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT SUTTON,

v.                                    Case No. 8:04-cr-325-T-17TBM
                                               8:09-cv-202-T-17TBM

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant's motion to vacate, set aside, or correct

an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Doc. cv-1; cr-116).  A review

of the record demonstrates that, for the following reasons, the motion to vacate must be

denied as untimely.

BACKGROUND

On August 27, 2007, Sutton pled guilty, pursuant to a written plea agreement, to one

count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

924(e)(1) (Count One). Docs. cr-1 (Indictment); cr-102 (Plea Agreement); and cr-102

(Minute Entry).  On December 12, 2007, this Court sentenced Sutton to a 92-month term

of imprisonment, to be followed by a 60-month term of supervised release. Doc. cr-112

(Judgment). Sutton did not appeal his conviction.

On February 3, 2009, Sutton delivered to prison authorities for mailing the present

section 2255 motion and supporting memorandum of law. Doc. cv-1 and cv-2. Sutton also

filed a motion to extend the time to file his section 2255 motion beyond the one-year period.

Doc. cv-4. Sutton raises the following grounds of ineffective assistance of counsel for relief:

a. Counsel coerced Sutton into entering into a plea agreement (Doc. cv-1 at

4);

b. Counsel failed to present results of Sutton's psychological evaluation (Doc. cv-1 at 5);

c. Counsel allowed Sutton to proceed before the Court based on only one psychological evaluation that found Sutton was competent (Doc. cv-1 at 7);

d. Counsel failed to argue for a reduced sentence under Rule 35 after Sutton was found to be incompetent to proceed (Doc. cv-1 at 8); and,

e. Counsel, as well as the government, failed to inform the Court that Sutton had been found incompetent to proceed. Doc. cv-2 at 9.

DISCUSSION

The one-year statute of limitations for filing a collateral proceeding under section 2255 begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment precluding the movant from making a motion is removed; (3) the date on which the right asserted was initially recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6(1)-(4).

Sutton's conviction became final on December 24, 2007, when the time for filing a direct appeal had passed. While the sentencing hearing took place on December 12, 2007, judgment was actually entered on December 13, 2007. Ten days from judgment was on a Sunday. Therefore, Sutton would have had until the next mail day, December 24, 2007, to file a notice of appeal; thus, Sutton had until December 24, 2008, to file his section 2255 motion timely. Doc. cr-46; *see Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires); *see Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th

Cir. 2000) ("conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted"). As mentioned above, Sutton delivered his original section 2255 motion to prison authorities for mailing on February 3, 2009, approximately six weeks late. See Doc. cv-1. Therefore, the motion to vacate is untimely. *See, e.g., Close v. United States*, 336 F.3d 1283, 1284-86 (11th Cir. 2003).

B. EQUITABLE TOLLING

Sutton argues that this Court should grant him equitable tolling of the limitations period to file his section 2255 motion, claiming that he did not have access to a law library or legal assistance until May of 2008. Sutton has not established any entitlement to equitable tolling.

Because "[a] fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings[,]" the one-year limitations period for filing a section 2255 motion is mandatory and unequivocal. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002). Accordingly, equitable tolling is applied sparingly and is appropriate only when a Petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Id., Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The extraordinary circumstances standard focuses on the circumstances surrounding the late filing of the motion, not the circumstances surrounding the underlying conviction. *Sandvik,* 177 F.3d at 1271.

Sutton bears the burden of establishing an entitlement to equitable tolling. *Drew v. Dep't of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2003). A defendant's pursuit of other remedies, receipt of incorrect information from his attorney, lack of prison legal materials,

or even the attorney's own late filing of a section 2255 motion do not establish a basis for equitable tolling. *See Jones*, 304 F.3d at 1038-40; *Helton v. Secretary for Dept. of Corrections*, 259 F.3d 1310, 1313-15 (11th Cir. 2001); *Sandvik*, 177 F.3d at 1271-72.

Sutton argues that the time for seeking relief pursuant to 28 U.S.C. § 2255 should be tolled until May 15, 2009, which would be one year after he had access to a law library. Doc. cv-4 at 2. Sutton states that until May 15, 2008, he was housed at the Hillsborough County Jail and did not have access to either a library or assistance in preparing his section 2255 motion. He further argues that it was not until he was moved to the U.S. Penitentiary in Allenwood, Pennsylvania, in May of 2008, that he had access to a law library and jailhouse lawyers to assist him in preparing his motion. Sutton presents no evidence that he exercised due diligence to timely file his motion. By his own admission, he had the means to prepare his motion at least seven months for it to be filed timely. Thus, he was not the victim of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. Even assuming his claim is true that he did not have access to legal materials until five months after his incarceration commenced, such a circumstance would not support equitable tolling. *Helton*, 259 F.3d at 1313-15; *Sandvik*, 177 F.3d at 1271-72.

Sutton's argument for equitable tolling of the one-year limitations period falls far short from meeting the standard. Therefore, Sutton's motion will be dismissed as untimely.

C. FINAL COMMENTS

Equitable tolling is "an extraordinary remedy" that is permitted "only sparingly." *States Jones v. United States*, 304 F.3d 1035, 1038-39 (11th Cir. 2002). It is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond

4

his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The movant bears the burden of demonstrating these extraordinary circumstances. *Jones,* 304 F.3d at 1040. Here, Sutton has not shown extraordinary circumstances, let alone circumstances that were beyond his control and unavoidable. *See Johnson v. United States*, 340 F.3d 1219, 1226-27 (11th Cir. 2003), *aff'd*, 544 U.S. 295 (2005); *Sandvik,* 177 F.3d at 1271-72.

Accordingly, the Court orders:

That Sutton's motion to vacate (Doc. cv-1; cr-116) is denied. The Clerk is directed to terminate all pending motions, to enter judgment against Sutton and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 31, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Amanda C. Kaiser
Gilbert Sutton